| | | |
|---|---|---|
| RUDY RIVAS, *et al.*, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 4:19-CV-774 |
| | § | |
| MARK A. WEISBART, *as the Chapter 7 Trustee*, | § | |
| | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM AND ORDER

Pending before the court are Appellants Rudy Rivas, Legacy Manor II, LLC, R. Rivas Family Partnership LP, Artisan DFW Custom Pools, LLC, Christopher's Classic Cars, LLC, Christopher Diversified Solutions, LLC, Lucas Corners, LLC, M. Christopher Construction, LLC, M. Christopher Custom Pools, LLC, M. Christopher Investments 2015, LLC, M. Christopher Limited, LLC, M. Christopher Real Estate, LLC, MCCH 2009, LLC, MCCH Holdings, LLC, MCCP, LLC, Nortex Septic Systems, LLC, R. Rivas Enterprises, LLC, Rivas Properties, LLC, Artisan DFW Custom Homes Group, LLC, Artisan Construction DFW, LLC, Green Dream Outdoors, LLC, M. Christopher Custom Homes, LLC, M. Christopher Investments, LLC 2011, M. Christopher Residential, LLC, MCCH Industries, LLC, Metroplex Royal Flush, LLC, Catherine Ann Rivas, James C. Rivas, Richard M. Rivas, Andy Rivas, and Laura Rivas's collectively, "Appellants") Notice of Appeal (#1) and Motion for Leave to File an Interlocutory Appeal (#1-3), wherein Appellants contend that the bankruptcy court erred in denying their First Amended Motion to Dismiss the Trustee's Second Amended Complaint and Motion to Strike, which seeks dismissal of the claims asserted by Appellee Bankruptcy Trustee

Mark A. Weisbart ("Weisbart").  Having considered the motions, the record, and the applicable law, the court is of the opinion that leave should be denied and the appeal should be dismissed for lack of subject matter jurisdiction.

I.      Analysis

The statutory authority for this court's appellate jurisdiction in bankruptcy cases is found in 28 U.S.C. § 158, which reads as follows:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Appellants contend that jurisdiction exists pursuant to § 158(a)(3).  Section 158(a)(3) must be considered in conjunction with Federal Rule of Bankruptcy Procedure 8004, which states:

(a) Notice of appeal and motion for leave to appeal

To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a).  The notice must:

(1) be filed within the time allowed by Rule 8002;

(2) be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b); and

(3) unless served electronically using the court's transmission equipment, include proof of service in accordance with Rule 8011(d).

2

* * *

(d) Failure to file a motion with a notice of appeal

If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court or BAP may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it. If the court orders that a motion for leave be filed, the appellant must do so within 14 days after the order is entered, unless the order provides otherwise.

FED. R. BANKR. P. 8004. A district court cannot impliedly grant leave to appeal merely by ruling on an appeal from the bankruptcy court that is pending before it. *In re Holloway*, 370 F. App'x 490, 493 (5th Cir. 2010) (citing *Clark v. First State Bank (In Re White Beauty View, Inc.)*, 841 F.2d 524, 527 (3d Cir. 1988)); *see In re Houston Bluebonnet, L.L.C.*, 752 F. App'x 191, 193 (5th Cir. 2019). Instead, before reaching the merits of the parties' arguments, the court must determine whether granting leave to file an interlocutory appeal is warranted.

"Leave to appeal an interlocutory order of a Bankruptcy Judge . . . should be granted only where circumstances are present which justify overriding the general policy of not allowing such appeals." *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001). "The standard the district court applies in determining whether to exercise its discretion to grant leave is not articulated in the statute. Courts in the Fifth Circuit, however, have applied 28 U.S.C. § 1292(b), the standard governing interlocutory appeals generally." *In re Hallwood Energy, L.P.*, 3:12-CV-1902-G, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013) (citing *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1177 (5th Cir. 1991); *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011)); *see Powers v.*

*Montgomery*, CIV. A. 3:97-CV-1736-P, 1998 WL 159944, *2 (N.D. Tex. April 1, 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from Bankruptcy Court orders."); *In re Turner*, CIV. A. 96-1102, 1996 WL 162110, *1 (E.D. La. April 3, 1996) ("Because § 158(a) contains no criteria to guide the exercise of . . . discretion in granting or denying an interlocutory appeal, district courts have looked to standards governing interlocutory appeals in 28 U.S.C. § 1292(b).").

To be appealable, an interlocutory order must: (1) involve a controlling issue of law; (2) present a question upon which there is substantial ground for difference of opinion; and (3) an immediate appeal of this order must materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 838 (E.D. La. 2014); *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013). All three of the statutory criteria must be met before an interlocutory appeal is proper. *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981); *David*, 37 F. Supp. 3d at 839.

In their motion for leave, Appellants do not identify a controlling issue of law, present a question upon which there is substantial ground for difference of opinion, or explain how an interlocutory appeal of the order would materially advance the ultimate termination of litigation. Instead, Appellants take issue with the bankruptcy court's application of the law to the facts. Such a dispute does not satisfy § 1292(b). *See Gieringer v. Cincinnati Ins. Cos.*, 3:08-CV-267, 2010 WL 2572054, at *3 (E.D. Tenn. June 18, 2010) ("Defendant is challenging this Court's application of law to the facts because of its own disagreement with the outcome, rather than

presenting a situation where there are substantial disputes as to the applicable law."). Accordingly, leave to file an interlocutory appeal is inappropriate.

II.    <u>Conclusion</u>

Consistent with the foregoing analysis, leave to file an interlocutory appeal is denied. As a consequence, this court is without jurisdiction to consider the appeal. Therefore, the appeal is dismissed and remanded.

The clerk of the court is directed to forward a copy of this order to the United States Bankruptcy Court for the Eastern District of Texas. Upon remand, the bankruptcy court may consider whether an award of costs and/or attorney's fees is appropriate.

SIGNED at Beaumont, Texas, this 28th day of October, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE